IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| DE MONT KALAI MANAOLE, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>OFFICE OF HAWAIIAN AFFAIRS, *et al.*,<br><br>Defendants. | Case No. 26-cv-00029-DKW-KJM<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO REMAND** |

Plaintiffs De Mont Kalai Manaole, Regina Nani Peterson, and Dana Newman, proceeding *pro se*, filed this civil rights action in state court against Defendants Office of Hawaiian Affairs ("OHA"), Department of Hawaiian Homelands ("DHHL"), Hawaiian Homes Commission ("HHC"), Hawaii Community Development Authority ("HCDA"), Department of Land and Natural Resources, Oahu Board of Water Supply ("BWS"), and the United States Navy. Dkt. No. 1-1. The Navy removed the action to this Court, Dkt. No. 1, and Plaintiffs now move to remand, Dkt. No. 5.

Having reviewed the instant motion, the pleadings, the parties' briefs, the relevant legal authorities, and the record generally, the Court finds that remand is not appropriate. Accordingly, the motion to remand is DENIED, as explained below.

## FACTUAL & PROCEDURAL BACKGROUND

I.   **The Complaint**

The following facts are derived from the Amended Complaint. *See* Dkt. No. 16-2.

Plaintiffs are "native Hawaiian[s]," as defined under the Hawaiian Homes Commission Act, 42 Stat. 108 (1921) ("HHCA"). *Id*. at 6. Being native Hawaiians, Plaintiffs are beneficiaries of the Public Land Trust created by the act of Congress that admitted Hawai'i as a state and which was incorporated in relevant part into the Hawai'i State Constitution. *Id*. at 3–5; *see* P.L. 86-3 (March 18, 1959), reprinted in 73 Stat. 4, 5 ("Admission Act"); Haw. Const. art. XII, §§ 4–6. Under Hawaii Revised Statutes ("HRS") Chapter 10, the OHA governs funds derived from the Public Land Trust and is directed to use the funds for the "betterment of conditions of native Hawaiians."

To facilitate the construction of a new desalination plant, the United States Navy transferred land previously allotted to the Barbers Point Naval Air Station to the BWS and HCDA. Dkt. No. 16-2 at 3–4, 8–9. Plaintiffs assert that this transfer of "military surplus" lands violated the terms of the Public Land Trust, as it was accomplished without the involvement or accounting of the OHA or DHHL. *Id*. at 3. In addition, Plaintiffs assert that the OHA and DHHL failed to assert the water rights of native Hawaiians under HRS Chapter 183C, which "ensur[es] proper

handling of water resources tied to these lands." *Id*. at 3.  By allowing the transfer of the land directly from the Navy to the BWS and HCDA, Defendants bypassed "the Beneficiary Trust interests of native Hawaiians" and cost Plaintiffs the "opportunity to contend for that surplus land to be taken into the possession of DHHL" and "ensure their Water Rights . . . were preserved." *Id*. at 10–11.  Plaintiffs seek declaratory and injunctive relief, the invalidation of the land transfer, an award of "land or monetary damages," control over the surplus lands, and actual damages.  *Id*. at 14.

## II.     Procedural Background

On January 20, 2026, Plaintiffs filed the Complaint in Hawaiʻi state court, asserting claims for relief under 42 U.S.C. § 1983.  Dkt. No. 1 ¶ 1.  On January 26, 2026, the Navy removed the action to this Court, stating that removal was "pursuant to 28 U.S.C. §§ 1346, 1442 and 1446."  *Id*. ¶ 3.  After removal, Plaintiffs filed the Amended Complaint in state court.  Dkt. No. 16-2.

On January 28, 2026, Plaintiffs filed the instant motion to remand, arguing that the Navy failed to provide a short and plain statement of the grounds for removal pursuant to Section 1446(a).  Dkt. No. 5.  Plaintiffs also moved to sanction the Navy and its counsel for failure to comply with the removal statute.  *Id*.  The Navy opposes, arguing that its citation to Sections 1442 and 1346 sufficed as a short and plain statement and that sanctions are not warranted.  Dkt. No. 11.  Plaintiffs reply, arguing

for the first time that the notice of removal is also defective because the Navy failed to "attach all process, pleadings, and orders served upon [the Navy] in state court." Dkt. No. 12.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. §§ 1441(a) and 1446(b), any civil action brought in a State court may be removed to federal court by a defendant provided that the federal court would have had original jurisdiction over the action, and the removal is timely. Pursuant to 28 U.S.C. §§ 1331 and 1332(a)(1), this Court has original jurisdiction of all civil actions involving, respectively, (i) federal law and (ii) an amount in controversy in excess of $75,000 and citizens of different States.

"[A]ny doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). Further, Defendants have the burden of establishing that removal was proper. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

## DISCUSSION

The removal statute only requires that a removal notice contain "a short and plain statement" of the grounds for removal. 28 U.S.C. § 1446(a). Here, the Navy provided a statement in which it declared that removal was pursuant to Sections 1346, 1442 and 1446. Dkt. No. 1 ¶ 3. In their motion, Plaintiffs offer only one

argument in favor of remand: that this citation fails to adequately state the Navy's grounds for removal.  Dkt. No. 5.

The Court disagrees.  The Navy's notice of removal cites to Section 1346, which provides that federal courts are the "exclusive jurisdiction of civil actions . . . against the United States," and Section 1442, which states that actions against federal agencies "may be removed."  Plaintiffs appear to argue that the notice of removal required some greater explanation as to how those statutes apply to this action and, in particular, to the Navy as the removing party.  Here, however, Plaintiffs' inclusion of the Navy as a defendant makes plain the applicability of Sections 1346 and 1442: the Navy is a federal agency and thus may properly remove this action under federal law.  *See Mata v. U.S. Dep't of Navy*, 2020 WL 5983927, at *3 (C.D. Cal. Mar. 26, 2020) (describing the Navy as "a federal agency").  Further elaboration is not needed. *See Kutzman v. Derrel's Mini Storage, Inc.*, 2018 WL 3642135, at *2 (E.D. Cal. July 31, 2018) ("[T]he law does not require that [d]efendant make out every aspect of [p]laintiffs' case in its notice of removal.").

In their reply, Plaintiffs also argue that the notice of removal did not attach necessary state court documents.  Dkt. No. 12.  Typically, the Court declines to address arguments raised for the first time in reply.  *See* Local Rule 7.2 ("Any argument raised for the first time in the reply shall be disregarded.").  Nonetheless, it does so here.  Section 1446(a) provides that, where a defendant seeks to remove a

state court action, their notice of removal must include "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." Here, the Navy attached the state court Complaint to its notice of removal, Dkt. No. 1-1, and provided the Court with a copy of the Amended Complaint once alerted to its existence, Dkt. No. 16-2. Plaintiffs do not identify any other documents served upon the Navy that should have been attached, nor do Plaintiffs describe what more the Navy should have done to comply with Section 1446(a).

## CONCLUSION

Because the Navy has complied with the removal statutes it relies on, Plaintiffs' motion to remand, Dkt. No. 5, is DENIED. Moreover, because Plaintiffs' sanctions demand lacks any basis, it too is DENIED.

IT IS SO ORDERED.

DATED: March 3, 2026 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

---

*De Mont Kalai Manaole, et al vs. Office of Hawaiian Affairs, et al;* Civil No. 26-00029 DKW-KJM; **ORDER DENYING PLAINTIFFS' MOTION TO REMAND**