IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| DE MONT KALAI MANAOLE, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>OFFICE OF HAWAIIAN AFFAIRS, *et al.*,<br><br>Defendants. | Case No. 26-cv-00029-DKW-KJM<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITHOUT LEAVE TO AMEND[1]** |

Defendants Office of Hawaiian Affairs ("OHA"), Department of Hawaiian Homelands ("DHHL"), Hawaiian Homes Commission ("HHC"), Hawaii Community Development Authority ("HCDA"), Department of Land and Natural Resources ("DLNR"), and the United States Navy have moved to dismiss the Amended Complaint of *pro se* Plaintiffs De Mont Kalai Manaole, Regina Nani Peterson, and Dana Newman. Dkt. Nos. 16, 46, 51, 59, 64.[2] These motions have all been fully briefed.[3]

---

[1]Pursuant to Local Rule 7.1(c), the Court finds these matters suitable for disposition without a hearing.

[2]Defendant Oahu Board of Water Supply ("BWS") has moved to join the motions to dismiss. Dkt. Nos. 49 & 68. BWS' unopposed joinder requests are granted and are not further discussed herein.

[3]Plaintiffs move to strike as untimely several of the reply briefs submitted in support of the motions to dismiss. Dkt. No. 93. The motion to strike is DENIED AS MOOT because the targeted reply briefs either do not address the issues in this Order reached by the Court (Dkt. Nos. 90 & 91) or do not add anything material (Dkt. No. 92) that was not already included in Defendants' motions.

Having reviewed the pleadings, the parties' briefs, and the relevant legal authorities, the Court agrees that dismissal is appropriate. Accordingly, the motions to dismiss are GRANTED with prejudice and without leave to amend, as described below.

## RELEVANT BACKGROUND[4]

The Amended Complaint identifies Plaintiffs as native Hawaiians and beneficiaries of the Public Land Trust created by the act of Congress that admitted Hawai'i as a state and which was incorporated in relevant part into the Hawai'i State Constitution. Dkt. No. 16-2 at 3–5; *see* P.L. 86-3 (March 18, 1959), reprinted in 73 Stat. 4, 5 ("Admission Act"); Haw. Const. art. XII, §§ 4–6. In the "[e]arly 2000s," the Navy transferred 20 acres of "military surplus" land to BWS and HCDA to facilitate the construction of a desalination plant. Dkt. No. 16-2 at 3–4, 8–9. Plaintiffs assert that this transfer violated the terms of the Public Land Trust and seek relief pursuant to 42 U.S.C. § 1983. *Id*. at 3, 10–14.

On February 11, 2026, OHA moved to dismiss the Amended Complaint. Dkt. No. 16. This was followed by motions to dismiss filed by DLNR on February 25, 2026, Dkt. No. 46; DHHL and HHC on March 2, 2026, Dkt. No. 51; the HCDA on March 3, 2026, Dkt. No. 59; and the Navy on March 4, 2026, Dkt. No. 64. All

---

[4]The Court assumes the parties' familiarity with the procedural and factual background of this case, which is more fully set forth in the Order denying remand, Dkt. No. 55, and, thus, only sets forth herein the background necessary for an understanding of the instant issues.

Defendants assert, *inter alia*, that Plaintiffs' claims are untimely, as the land transfer Plaintiffs challenge occurred more than twenty years ago, well beyond the two-year statute of limitations applicable to Section 1983 claims.[5]  Plaintiffs respond that the deadline to file their claims began to run not when the Navy transferred the land in question to state agencies in the early 2000s, but rather when the BWS "awarded the contract to build and operate the [desalination] facility in 2023."  *See, e.g.*, Dkt. No. 63 at 9.

### STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted."  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

---

[5]Defendants advance several other grounds for dismissal, including that the land parcel in question was not protected by the Public Land Trust, that Plaintiffs' claims were barred by sovereign immunity, and that Plaintiffs failed to state a claim.  Dkt. Nos. 16, 46, 51, 59, 64.  Because, as stated below, the Court grants dismissal on timeliness grounds, this Order does not address these alternative arguments.

conclusions." *Ashcroft*, 556 U.S. at 678. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8(a)(2). *Id.* at 679.

When a complaint fails to state a plausible claim, leave to amend should be given when "justice so requires." Fed.R.Civ.P. 15(a)(2). Indeed, the Ninth Circuit has made clear that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and quotation marks omitted). Nonetheless, justice does not require leave to amend when (1) it would prejudice an opposing party, (2) it is sought in bad faith, (3) it would produce an undue delay in litigation, (4) it would be futile, or (5) there has been repeated failure to cure a deficiency. *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

The Court liberally construes a pro se pleading. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987); *Lopez*, 203 F.3d at 1131 ("[T]he rule favoring liberality

in amendments to pleadings is particularly important for the *pro se* litigant.")
(citation and internal quotation marks omitted).  However, the Court cannot act as
counsel for a pro se litigant, such as by supplying the essential elements of a
claim.  *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of
Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## DISCUSSION

Defendants assert that Plaintiffs' claims should be dismissed as untimely.  The
Court agrees.

Section 1983 does not contain a statute of limitations; rather, it borrows the
appropriate limitations period applicable under the law of the state in which the
alleged constitutional injury took place.  *Belanus v. Clark*, 796 F.3d 1021, 1025 (9th
Cir. 2015).  Accordingly, Section 1983 claims are governed by the forum
state's statute of limitations for personal injury actions.  *See Wilson v. Garcia*, 471
U.S. 261, 276 (1985).  In Hawai'i, the statute of limitations is two years.  *Beckstrand
v. Read*, 680 Fed.Appx. 609, 610 (9th Cir. 2017) (citing Haw. Rev. Stat. § 657-7)
("Actions for the recovery of compensation for damage or injury to persons or
property shall be instituted within two years after the cause of action accrued . . . .").

Although state law determines the length of the limitations period, federal law
determines when a civil rights claim accrues and, hence, when
the statute of limitations begins to run.  *Wallace v. Kato*, 549 U.S. 384, 388 (2007).

Under federal law, accrual occurs when the plaintiff has a complete and present cause of action and may file a suit to obtain relief. *Id.*; *see also Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996) ("Under federal law, the limitations period accrues when a party knows or has reason to know of the injury which is the basis of the cause of action." (internal quotation marks omitted)).

Here, Plaintiffs assert that the Navy transferred the land on which a desalination facility is to be built at an unspecified time in the "[e]arly 2000s" without consultation with certain state agencies, including OHA, DHHL and HHC. Dkt. No. 16-2 at 3–4, 8–9. This lack of consultation meant the state agencies "did NOT have effective participation in the 'process' that facilitated the United States Navy transfer of its 'Surplus" lands", which, in turn, violated the agencies' trust duties to beneficiaries, such as Plaintiffs. *Id*. at 4.

In short, Plaintiffs challenge the propriety of the Navy's land transfer more than twenty years ago, well-beyond Section 1983's two-year limitations period. They claim injury stemming from the exclusion of several state agencies that should have been consulted and should have been looking out for the interests of native Hawaiians like themselves but were not. Whether Plaintiffs' claims are meritorious or not, they are certainly far too late.

In fact, Plaintiffs do not dispute that their claims would be untimely if they began to run from the date of the Navy's land transfer long ago. Rather, Plaintiffs

attempt to save their claims from the statute of limitations by arguing that the statute

is triggered not by the land transfer date, but by BWS' decision to award a contract

to build and operate a desalination facility "in 2023, with construction following a

multi-year project plan."  Dkt. No. 63 at 9.

Plaintiffs' Hail Mary is unpersuasive.  Plaintiffs' Amended Complaint is not

premised on BWS awarding a contract for a desalination plant in 2023 or at any

other time—the contract is mentioned only once, in passing.  *See* Dkt. No. 16-2 at 9.

Instead, Plaintiffs state openly that the alleged Section 1983 violations occurred with

the decision "by the US Navy to turn over 'Surplus Lands' to BWS and HCDA

without consultation with OHA, DHHL, and HHC."  *Id*. at 11.   Simply put, the

alleged public trust violation occurred with the land transfer, not the awarding of a

contract.  Plaintiffs' Amended Complaint makes that abundantly clear.[6]  Further,

because that land transfer occurred, according to Plaintiffs, more than two decades

ago, Plaintiffs' claims are manifestly untimely.

---

[6]Plaintiffs conclusorily state that Navy's land transfer "constitute[s] a 'Continuing Course of Conduct' from its inception (2000) and through the current agreement (2026)."  Dkt. No. 16-2 at 5.  If Plaintiffs included this allegation to somehow identify a "continuing violation" that might surmount a statute of limitations problem, it is difficult to see how that doctrine has any applicability to the circumstances presented here.  Certainly, Plaintiffs have offered no explanation in their briefing. *See Anderson v. City & Cnty. of San Francisco*, 169 F. Supp. 3d 995, 1012 (N.D. Cal. 2016) (finding that although "[t]he continuing violation doctrine allows a court, in some instances, to consider alleged unlawful behavior that would otherwise be time-barred," plaintiff could not rely on "unsupported conclusory statements" to invoke the doctrine).

When a complaint is dismissed, leave to amend should be given when "justice so requires." Fed.R.Civ.P. 15(a)(2). However, justice does not require leave to amend when (1) it would prejudice an opposing party, (2) it is sought in bad faith, (3) it would produce an undue delay in litigation, (4) it would be futile, or (5) there has been repeated failure to cure a deficiency. *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

Here, Plaintiffs have already been given multiple opportunities to amend their pleadings. Not only have Plaintiffs already filed an Amended Complaint, Dkt. No. 16-2, but they also submitted a proposed Second Amended Complaint. Dkt. No. 85. Plaintiffs did so in response to the Court's March 12, 2026 instruction to "address the deficiencies identified in the defendants' various pending motions to dismiss and joinders . . . they should focus on curative allegations they can assert that respond to the defendants' arguments that Plaintiffs' claims must be dismissed." Dkt No, 75. In other words, the Court specifically advised Plaintiffs to take their best shot at stating claims in the face of Defendants' arguments, including those based on the statute of limitations. Their proposed Second Amended Complaint represents that best effort.

Plaintiffs' proposed Second Amended Complaint, however, does nothing at all to address Plaintiffs' timeliness problems. *See generally* Dkt. No. 85. In fact,

when filing the proposed Second Amended Complaint, Plaintiffs also attached an unauthorized "Response to Defendants' Arguments that Plaintiffs' Claims Must Be Dismissed Without Leave To Amend." *Id*. at 16–32. That too fails to meaningfully address the untimely nature of their claims.

As the Court has already given Plaintiffs multiple chances to cure the timeliness issues in their complaint, or at least to explain how they would do so, both in the filings the Court allowed and in other filings that were not authorized, it is apparent that further leave to amend would be futile. Accordingly, the Court dismisses the Amended Complaint with prejudice and without leave to amend. *See Ascon Props., Inc. v. Mobil Oil Co.,* 866 F.2d 1149, 1160 (9th Cir. 1989) ("[T]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.").

## <u>CONCLUSION</u>

For the reasons set forth herein, Defendants' Motions to Dismiss the Amended Complaint, Dkt. Nos. 16, 46, 51, 59, 64, are GRANTED, and the Amended Complaint is DISMISSED WITHOUT LEAVE TO AMEND.

The Clerk is instructed to enter Judgment pursuant to this Order in favor of Defendants and close this case.

IT IS SO ORDERED.

DATED: April 30, 2026 at Honolulu, Hawaiʻi.

Derrick K. Watson
Chief United States District Judge

---

De Mont Kalai Manaole, et al. vs. Office of Hawaiian Affairs, et al;
Civil 26-00029 DKW-KJM; ORDER **ORDER GRANTING DEFENDANTS'
MOTIONS TO DISMISS WITHOUT LEAVE TO AMEND**