IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| DE MONT KALAI MANAOLE, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> OFFICE OF HAWAIIAN AFFAIRS, *et al.*, <br><br> Defendants. | Case No. 26-cv-00029-DKW-KJM <br><br> **ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**[1] |

On April 30, 2026, the Court dismissed the Amended Complaint and ordered the Clerk to enter judgment. Dkt. No. 94. On May 5, 2026, *pro se* Plaintiffs De Mont Kalai Manaole, Regina Nani Peterson, and Dana Newman filed a motion for reconsideration, Dkt. No. 96, accompanied by a supplemental memorandum, Dkt. No. 98, which is now before the Court. For the reasons described herein, the motion for reconsideration is DENIED.

---

[1]Pursuant to Local Rule 7.1(c), the Court finds these matters suitable for disposition without a hearing.

**RELEVANT BACKGROUND**[2]

The Amended Complaint concerns a transfer of "military surplus" land in the "[e]arly 2000s" from the United States Navy to Hawai'i state agencies, which Plaintiffs claim violated Public Land Trust provisions enshrined in the Hawai'i State Constitution. Dkt. No. 16-2 at 3–9; *see* P.L. 86-3 (March 18, 1959), reprinted in 73 Stat. 4, 5. Plaintiffs seek relief pursuant to 42 U.S.C. § 1983. *Id.* at 3, 10–14.

On February 23, 2026, Plaintiffs filed an application for entry of default against the State of Hawai'i. Dkt. No. 40. On March 3, 2026, the Magistrate Judge denied the application, concluding that the Amended Complaint did not specifically name the State as a defendant and, therefore, Plaintiffs could not request entry of default against it. Dkt. No. 58. On March 4, 2026, Plaintiffs filed their objection to the order denying entry of default, claiming that the State is a separately named defendant and that the Magistrate Judge erred in concluding otherwise. Dkt. No. 67.

On April 30, 2026, the Court granted motions to dismiss filed by Defendants Office of Hawaiian Affairs, Department of Hawaiian Homelands, Hawaiian Homes Commission, Hawaii Community Development Authority, Department of Land and Natural Resources, Oahu Board of Water Supply, and the United States Navy (the "Moving Defendants"), concluding that, *inter alia*, Plaintiffs' claims were untimely

---

[2]The Court assumes the parties' familiarity with the procedural and factual background of this case, which is more fully set forth in the Order denying remand, Dkt. No. 55, and, thus, only describes herein the background necessary for an understanding of the instant issues.

- 2 -

because the land transfer they complain of had occurred more than twenty years ago, well-beyond the applicable limitations period. Dkt. No. 94 at 6. The Order did not address the State or Plaintiffs' attempt at securing entry of default, as neither issue was raised during briefing. After dismissing the claims against the Moving Defendants, the Court ordered the Clerk to enter judgment and close the case, *id*. at 9–10, which was accomplished on May 1, 2026, Dkt. No. 95.

On May 5, 2026, Plaintiffs filed the instant motion for reconsideration. Dkt. No. 96. Plaintiffs assert that the Court erred in issuing a final judgment, as there "is an outstanding decision that has been pending . . . in relation to the issue of Default against Defendant State of Hawaii." Dkt. No. 96-1 at 2. Plaintiffs repeat their argument that the State is named as a defendant in the operative complaint and, therefore, entry of default should be granted, and further demand that the Court reopen this case, at least as against the State. *Id*. Plaintiffs also argue that their claims are timely because of the "continuing violation" doctrine and, thus, this case should be reopened as to all defendants.[3]

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 59(e) permits a litigant to file a reconsideration "motion to alter or amend a judgment" within 28 days after entry of

---

[3]Defendant Oahu Board of Water Supply has filed a statement of no position in response to the motion for reconsideration. Dkt. No. 97. No other Defendant has responded, nor were they required to, as no response was requested. LR60.1.

the judgment. A "motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision" and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Donaldson v. Liberty Mut. Ins. Co.*, 947 F. Supp. 429, 430 (D. Haw. 1996) (citation omitted). Reconsideration is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citations and internal quotation marks omitted). As such, it is generally only appropriate:

> (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Each one of these "four reasons . . . is a 'high hurdle' that should not occur 'absent highly unusual circumstances.'" *Chang v. Straub Clinic & Hosp., Inc.*, 2014 WL 712613, at *1 (D. Haw. Feb. 21, 2014) (quoting *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001)).

Additionally, reconsideration may not be used "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation," *Kona*, 229 F.3d at 890, and "[m]ere disagreement with a previous ruling is not a sufficient basis for reconsideration." *McAllister v. Adecco Grp. N.A.*, 2018 WL 6682984, at *2 (D. Haw. Dec. 19, 2018). The decision of whether to grant

reconsideration is ultimately "committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

## **DISCUSSION**

Plaintiffs argue that the Court erred in entering judgment without consideration of their purported claims against the State or their objection to the Magistrate Judge's order denying entry of default. Dkt. No. 96-1 at 2. However, even if the Court assumed that Plaintiffs' Amended Complaint properly names the State as a defendant[4] and that Plaintiffs otherwise met their burden of showing that the State was in default, the Court would still not grant reconsideration because Plaintiffs' claims against the State fail regardless, and no default judgment could enter against it under applicable law.[5]

As with the Moving Defendants, the statute of limitations poses an impassable barrier for any claims against the State. Plaintiffs assert claims pursuant to Section 1983, which borrows the forum state's statute of limitations for personal injury

---

[4]Review of the Amended Complaint reveals that the State is not clearly listed as a separate party in the caption. Dkt. No. 16-2 at 1. Allegations concerning "the State of Hawaii" appear at various times in the body of the Amended Complaint, *see, e.g.*, *id*. at 2, but it is not consistently clear which, if any, of these refer to the State as a separate defendant or to the state *agencies* who are clearly targeted by Plaintiffs' claims.

[5]"No judgment by default shall be entered against the State or a county, or an officer or agency of the State or a county, *unless the claimant establishes a claim or right to relief by evidence satisfactory to the court*." Haw.R.Civ.P. 55(e)(emphasis added). The Federal Rules contain almost exactly the same language when a public entity's default is sought. *See* Fed.R.Civ.P. 55(d).

actions. *See Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015); *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). In Hawaiʻi, the statute of limitations is two years. *Beckstrand v. Read*, 680 Fed.Appx. 609, 610 (9th Cir. 2017) (citing Haw. Rev. Stat. § 657-7) ("Actions for the recovery of compensation for damage or injury to persons or property shall be instituted within two years after the cause of action accrued . . . ."). As for when the statute of limitations begins to run, federal law dictates that accrual occurs when the plaintiff "knows or has reason to know of the injury which is the basis of the cause of action." *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996) (internal quotation marks omitted); *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (holding that federal law determines when a civil rights claim accrues).

Here, Plaintiffs allege that the land transfer they complain of occurred in the "[e]arly 2000s." Dkt. No. 16-2 at 3–4, 8–9. They say the same thing even on reconsideration. Dkt. No. 98 at 4 (specifically identifying 2001 as the land transfer date). Just as the Court stated in its order granting the motions to dismiss, Dkt. No. 94 at 6, any claims relating to this transfer are untimely by more than twenty years.

Plaintiffs insist that their claims are timely because the State's conduct constitutes a "continuing violation" of their rights. Dkt. No. 96-1 at 18. Insisting, however, does not make it so. The continuing violations doctrine "allow[s] a plaintiff to seek relief for events outside of the limitations period" and applies to Section 1983 claims—that much is true. *Bird v. Dep't of Hum. Srvs.*, 935 F.3d 738,

746 (9th Cir. 2019) (internal quotation marks omitted).  The "essence" of the doctrine "is that when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period."  *Id*. (internal quotation marks omitted).  The Supreme Court has held, however, that "discrete . . . acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges[,]" because "[e]ach discrete . . . act starts a new clock for filing charges alleging that act."  *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002); *see also RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1061 (9th Cir. 2002) (holding that "the statute of limitations runs separately from each discrete act").

Here, Plaintiffs claim that "[m]ultiple acts fall within the limitations period," including the 2023 award of a contract to build a desalination plant on the transferred land, and "the daily, ongoing exclusion of Native Hawaiian Trust Beneficiaries from revenues generated" by the land.  Dkt. No. 98 at 7.  These allegations, however, are not enough to rescue Plaintiffs' claims from the statute of limitations.  As the Court stated in its prior order, *see* Dkt. No. 94 at 7, the Amended Complaint is concerned solely with what Plaintiffs' claim is the illegal transfer of land that occurred in the early 2000s, not with subsequent events, such as the 2023 desalination plant contract, that concern how the State has chosen to put that land to use.  Plaintiffs do not point to any other events during the twenty-plus year span between the 2001 transfer and

the 2023 contract that might suggest a "continuing violation" occurred. For example, the land was transferred at a single point in time—in 2001—it did not "continue" to be transferred over the subsequent years. The transfer was a single, "discrete event," not some ongoing practice. *Morgan*, 536 U.S. at 113. That Plaintiffs may have been *damaged* every year since 2001 also does not establish a continuing violation—if it were otherwise, every violation would be "continuing".

Moreover, even if Plaintiffs' claims were timely, they would also fail against the State for a wholly different reason. A Section 1983 claim against the State itself is barred by the State's sovereign immunity under the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989) ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity[.]"); *Linville v. Hawaii*, 874 F.Supp. 1095, 1103 (D. Haw. 1994) (State of Hawai'i has not waived its sovereign immunity for civil rights actions brought in federal court). Eleventh Amendment immunity therefore forecloses Plaintiffs' claims against the State, even if those claims were otherwise procedurally proper.

In sum, even if the Court construed the Amended Complaint to raise claims against the State, those claims would not be viable. Accordingly, even if the Court

erred in entering judgment without first considering whether the State's default should be taken, the error was harmless. *See Tawfilis v. Allergan, Inc.*, No. SACV 15-307 (JLS)(JCGx), 2015 WL 9982762, at *2 (C.D. Cal. Dec. 14, 2015) ("[A] motion to reconsider should not be granted where an error is found to be harmless.").

## CONCLUSION

Because Plaintiffs are unable to demonstrate any grounds for the extraordinary remedy of reconsideration, *Kona Enters., Inc.*, 229 F.3d at 890, their Motion for Reconsideration, Dkt. No. 96, is DENIED.

IT IS SO ORDERED.

DATED: May 15, 2026 at Honolulu, Hawai'i.

Derrick K. Watson
Chief United States District Judge

---

*De Mont Kalai Manaole, et al v Office of Hawaiian Affairs, et al*; Civil No. 26-00029 DKW-KJM; **ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**