IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| DE MONT KALAI MANAOLE, *et al.*,<br><br>        Plaintiffs,<br><br>    vs.<br><br>OFFICE OF HAWAIIAN AFFAIRS, *et al.*,<br><br>        Defendants. | Case No. 26-cv-00029-DKW-KJM<br><br>**ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**[1] |

On May 18, 2026, *pro se* Plaintiffs De Mont Kalai Manaole, Regina Nani Peterson, and Dana Newman filed a Notice of Appeal of this Court's Orders granting dismissal and denying reconsideration.  Dkt. No. 101.  On the same day, Plaintiffs moved for *in forma pauperis* ("IFP") status on appeal.  Dkt. No. 100.  For the reasons set forth below, Plaintiffs' IFP motion is DENIED.

## DISCUSSION

Motions to proceed in forma pauperis on appeal are governed by Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3).  As relevant here, Rule 24(a)(1) provides that:

---

[1]Pursuant to Local Rule 7.1(d), the Court finds these matters suitable for disposition without a hearing.

> Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
> (a) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>
> (b) claims an entitlement to redress; and
>
> (c) states the issues that the party intends to present on appeal.

Fed.R.App.P. 24(a)(1).

Here, Plaintiffs have failed to meet the requirements of Rule 24(a)(1) because they have neither used Form 4 nor otherwise stated their inability to pay with sufficient specificity.  Rather than use the Court-provided Form 4, Plaintiffs have apparently utilized "Premiere Paralegal Services" to create their own application which does not correspond to Rule 24(a)(1).  Dkt. No. 100 at 1–2.  The affidavits attached to the application are similarly self-made and not compliant with the Court's standards.  Dkt. Nos. 100-1, 100-2, 100-3.  The affidavits include sections for *some* of the required information, such as income or assets, but lack others, like taxes or spousal income.

Moreover, the affidavits are lacking even with respect to the limited information Plaintiffs specified.  For example, the affidavit of De Mont Kalai Manaole claims that his gross monthly income is spelled out in a separate exhibit, but no separate exhibit was provided.  Dkt. No. 100-1 at 1.  The affidavit of Dana Newman contains no information at all: the form has been signed but otherwise left

blank.  Dkt. No. 100-3.  Plaintiffs, in short, have failed to answer even the questions they deemed important enough to include in their makeshift applications.

The Court needs a complete picture of Plaintiffs' financial standing to decide their entitlement to assistance.  Due to Plaintiffs' failure to comply with Rule 24(a)(1), the Court is unable to properly assess their ability to pay the requisite fees. Their IFP motion must, therefore, be denied without prejudice to filing an application that complies with the above-mentioned rules.

## **CONCLUSION**

For the reasons set forth herein, Plaintiffs' IFP motion, Dkt. No. 100, is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: May 19, 2026 at Honolulu, Hawai'i.



/s/ Derrick K. Watson
_____
Derrick K. Watson
Chief United States District Judge

---

*De Mont Kalai Manaole, et al vs. Office of Hawaiian Affairs, et al*; Civil No 26-00029 DKW-KJM; **ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**